## Continental Fire Association v. Norris & Hines.

Decided November 5, 1902.

**1.—Assignment of Error.**

An assignment of error in permitting the amendment after verdict of a "first amended petition," can not be considered where no such pleading is found in the record.

**2.—Insurance—Limitation on Agent's Authority.**

The rule that insured must take notice of limitations contained in his written application, on the authority of the agent of insurer receiving and forwarding the same to affect his principal with any notice or statements by insured, to such agent (Insurance Company v. Walker, 94 Texas, 476) applies only where such agent's authority is limited to receiving and forwarding the application for a policy to be issued by another, not to cases where he is furnished with blank policies to be signed and issued by him as local agent.

**3.—Insurance Agent—Liability to Company.**

To authorize recovery by an insurance company against its agent for failure to communicate to it facts material to the risk, disclosed to him by insured, it must be shown that the policy would not have been issued had he made the facts known to the company.

Error to the District Court of McLennan County. Tried below before Hon. Sam R. Scott.

*Armstrong & Hanger,* for plaintiff in error.

*H. N. Atkinson,* for defendants in-error.

STREETMAN, Associate Justice.—Appellees brought this suit to recover on a policy of insurance issued by appellant on a gin house and machinery. The trial was before the district judge without a jury, and upon appellant's request he filed the following findings of fact, which we adopt, to wit:

"1. I find that on the 5th day of September, 1900, the said fire association by S. Hundley, its duly authorized agent, issued its policy of insurance of that date, wherein and whereby it insured Norris & Hines against all direct loss or damage by fire, as follows: On steam power, two-story gin house, $300. On fixed and movable machinery of all kinds, excepting engine and boiler and appurtenances, while set up for use, including gin stands, feeders, condensers, dust and lint flues, cotton presses and appurtenances, suction elevators, fans, vacuum boxes, distributers, journals, grist mill, tools, piping and hose, while contained in the above building, $1350. On boiler house built of wood, with metal roof, $100. On engine and boiler, including connections, while contained in above described boiler house, $250. Which policy was issued for the period of one year, and the premium was paid on said policy.

"2. I further find that on the 17th day of October, 1900, the above described property was, without the fault of Norris & Hines, totally

destroyed by fire, except the boiler, which was damaged to the amount of about $400.

"3. I further find that the gin house was reasonably worth $800; that the machinery, including gin stands, feeders, condensers, flues, suction elevators, fans, vacuum boxes, distributers, piping, pulleys, seed feeders, seed blowers, conveyors, shafting, belting, hangers, journals, grist mill, tools, piping and hose, were reasonably worth the sum of $2000. The gin house was worth about $800, and the boiler house was worth about $150.

"4. I further find that proof of loss was duly made shortly after the fire, and that defendant company refused to pay the loss.

"5. I further find that S. Hundley was local agent for defendant company at Moody, Texas; that he had blank policies of defendant in his possession, and that the policy sued on herein was signed by him as local agent for defendant company, and that he was authorized to sign the same.

"6. I further find that before said policy was issued, M. E. Norris, for Norris & Hines, signed an application therefor; that the said Norris made truthful answers to said Hundley, local agent, to all questions in said policy. I further find that said Norris did not read over said application, and that the blank spaces in said application, under the head of 'Important questions,' were not filled in by said Norris, nor by the said agent, but said blanks were afterwards filled by some one else, who was not disclosed by the evidence.

"7. I further find that Norris & Hines had made a parol contract to purchase the land upon which their gin house was situated, being five acres, at $30 an acre; that they had gone into possession of the same and made permanent and valuable improvements thereon, and were entitled to conveyance thereto, and that they had a fee simple title within the meaning of the law. I further find that S. Hundley, the agent who issued the policy, had full notice of the condition of the title before the policy was issued."

The first and second assignments of error relate to the action of the court in permitting an amendment of plaintiff's first amended petition after trial, by inserting the name of one of the plaintiffs, and in rendering judgment for said plaintiff. In the record, we find no such pleading as a first amended petition of plaintiffs, and we are unable to consider any error concerning the same.

The third, fourth, fifth and sixth assignments of error complain of the judgment because of various misrepresentations alleged to have been made by appellees in their written application for the insurance policy, relating to the condition of the title, the incumbrances on the property, former losses, etc. Some of these assignments would probably be sustained, were it not for the view we take of the questions raised under subsequent assignments.

The seventh, eighth, ninth, and tenth assignments of error are as follows:

"7. The court erred in holding that the defendants in error were not concluded by the warranty contained in their said application for insurance, to the effect that said application contained a 'just, true and full exposition of all the facts and circumstances, condition, situation, value and risk of the property described, and that no fact or information material to the risk has been omitted or withheld, and that said application, with its agreements, statements, and answers will constitute a warranty on our part and the basis for and part of any policy that may be issued thereon.'

"8. The court erred in holding that the defendants in error were not concluded by the warranty and limitation of authority contained in their said application for insurance, which is as follows: 'We understand and agree that no one except the general agents at Dallas, Texas, of the company which shall accept the insurance hereby applied for has any authority to make any contract or agreement on behalf of the company relative to cotton gin risks or to make any indorsement on such policy, and that none of the provisions or conditions of said policy can be waived or altered, except such as by the terms thereof may be the subject of agreement indorsed thereon or added thereto, and as to such provisions and conditions no one except the general agent shall be deemed or held to have waived such provisions or conditions unless such waiver or alteration shall be written upon or attached to such policy, nor shall any privilege or permission affecting the insurance under such policy exist or be claimed by the insured thereunder, unless so written or attached by the said general agent, and that the company shall not be bound by any statements or representations made by us (Norris & Hines) or any representations or promises of the solicitor taking this application which are not contained in said application or the policy to be based thereon.'

"9. The court erred in holding that the defendants in error were not concluded and bound by the representations and agreements, conditions and statements in said contract of insurance.

"10. The court erred in holding that S. Hundley had authority to receive notice on behalf of the plaintiff in error, of facts and circumstances not contained in said written application for insurance, and in holding that the plaintiff in error was bound by such notice."

It is insisted that this case comes within the rules announced in Insurance Company v. Walker, 94 Texas, 476, and Insurance Company v. Harris, 3 Texas Court Reporter, 115, in which it was held that the applicant was bound to take notice of the limitation upon the authority of the agent, as contained in the written application; and that the company would not be affected with notice of any statements made to the agent who received and forwarded the application.

It will be observed, however, that there is a distinction between the present case and those mentioned. In the Walker case, the facts were "that J. H. Blanton was local agent for the insurance company at the

city of Gainesville, Texas, with authority to receive applications for insurance upon gin property, and to forward them to D. E. Grove, at Dallas, Texas, who alone had the power to issue a policy upon that class of property. Blanton had no authority to issue a policy for the plaintiff in error upon the gin property." The policy was made out and issued by Grove and only sent to Blanton for delivery. The arrangement was substantially the same in the case of Insurance Company v. Harris.

In this case, however, while the application states that "no one except the general agents * * * has any authority to make any contract or agreement on behalf of the company relative to cotton gin risks," yet the facts were, that, while the application was forwarded to appellant's general agents, the policy was, by their direction, actually written out, issued and delivered to appellee by the agent Hundley. He was local agent for the company, and had a number of the blank policies of the company in his possession, on one of which the policy in question was written.

The policy itself contained this statement: "This policy shall not be valid until countersigned by the duly authorized agent of the Association at Moody, Texas." It was countersigned by "S. Hundley, Agent."

Hundley solicited the insurance, made out and forwarded the application, issued the policy, delivered it, and collected the premium. Afterwards, when some question arose about the amount of premium, he threatened to cancel the policy if the additional premium was not paid, evidently assuming that he had authority to cancel the policy.

Under these facts we think the case falls clearly within the rule announced in Wagner & Chabot v. Insurance Company, 92 Texas, 555; Insurance Company v. Lee, 73 Texas, 646, and Morrison v. Insurance Company, 69 Texas, 353, that an agent who has the power to make the contract of insurance, issue the policy, and, in fact, exercise the highest authority which the law confers upon the corporation, stands in the place of the corporation itself; and that the corporation, after it issues the policy and collects the premium, and after a loss has been suffered under the policy, can not be heard to say that it did not have notice of the facts which were known to such agent at the very time he issued the policy.

Appellant by cross-action sought a judgment against the agent Hundley, because of his failure to communicate the facts to the company, and the twelfth assignment of error complains of the refusal of the court to render judgment against said Hundley.

The trial court does not give any reason for refusing to render judgment against Hundley, but several reasons might be assigned. One sufficient reason is that the evidence does not show that the policy would not have been issued, even if all the facts known to Hundley had been communicated to the company. If the policy would have been issued

anyway, then, clearly, they were not damaged by his failure to communicate the facts, and the burden was upon the company upon this issue to show all the facts necessary to a recovery.

There being no error in the judgment of the District Court, it is therefore affirmed.

*Affirmed.*