## UNITED STATES FIDELITY & GUARANTY CO. v. TAYLOR. (No. 3114.)

Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1928.

Rehearing Denied Dec. 5, 1928.

. Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Taylor, Muse & Taylor and J. T. Montgomery, all of Wichita Falls, for appellee.

RANDOLPH, J. This cause has twice been before this court and once before the Commission of Appeals of Texas. See (Tex. Civ. App.) 253 S. W. 1109, (Tex. Com. App.) 273 S. W. 320, and (Tex. Com. App.) 283 S. W. 161. Statements of the case heretofore made by this court and the Commission of Appeals obviates the necessity for a preliminary statement of the case now on appeal before this court.

The appeal is taken from a judgment rendered by the trial court without the intervention of a jury, for the plaintiff, Roy A. Taylor.

The Commission of Appeals, in their decision in the last-named report, hold that, as there was evidence in the record of a conversation held in the office of Lowery Finch & Co., between Mrs. Taylor and the man in charge of the office, which the plaintiff in error, Roy A. Taylor, insisted had the effect of a waiver of the policy provision, which limits liability for loss by burglary or theft to a loss at the Scott street residence, but which question the Commission of Appeals also held they could not consider, because plaintiff's petition contained no allegations of waiver, except as specifically predicated upon the conversation between Mrs. Taylor and Wynn, and, in view of these facts, reversed the judgment of the Court of Civil Appeals and remanded the case to the trial court, we suppose for the purpose of giving appellee in the case an opportunity to amend his pleadings as to the waiver claimed therein.

This appeal is based upon several propositions, but it is only necessary for us to decide two questions presented: First, the insurance policy covering the property as it was in the private residence of appellee at 508 Scott street, Wichita Falls, Tex., and, the plaintiff having alleged and proved certain representations which he insists constitute a new contract by waiver, alleged to have been made by certain agents of defendant insurance company, did such agent or agents have the authority to make such waiver? Second, does the limitation upon the making of such new contract which is contained in the following clause of the policy: "No condition or statement herein shall be waived or altered except by indorsement executed by an officer of the insurer. No agent or other person shall have the right to affect a waiver or a change thereof"—estop the plaintiff from asserting his right to recover under the waiver or new contract?

■ It appears from the evidence that Lowery, Finch & Belcher were the agents of appellant at Wichita Falls, Tex., and had authority to issue policies, accept premiums,

and to deliver policies. Having issued the policy herein sued on, they had the authority, under article 5056, Revised Civil Statutes, to bind appellant in the representations made to Mrs. Taylor that the insurance policy she had covered the diamonds at the Westland Hotel, to which hotel she and her husband had removed from their residence on Scott street, unless that authority was abridged or denied by the clause of the insurance policy above quoted. Morrison v. Insurance Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63.

The appellee contends that the clause quoted is void, for the reason that the insurance company could not by any such provision deprive itself of its fundamental right to make a contract. We sustain this contention. In the case of Morrison v. Insurance Co., supra, Judge Stayton, for the Supreme Court, says:

"And the case seems to settle down to the simple question whether a person, who has agreed that he will only contract by writing in a certain way, precludes himself from making a parol bargain to change it. The answer is manifest. A written bargain is of no higher legal degree than a parol one. Either may vary or discharge the other; and there can be no more force in an agreement in writing not to agree by parol than in a parol agreement not to agree in writing. Every such agreement is ended by the new one which contradicts it."

See, also, Wagner v. Insurance Co., 92 Tex. 555, 50 S. W. 569; Niagara Ins. Co. v. Lee, 73 Tex. 646, 11 S. W. 1024; Continental Fire Ass'n v. Norris, 30 Tex. Civ. App. 299, 70 S. W. 769, 771; Home Mutual Insurance Co. v. Nichols (Tex. Civ. App.) 72 S. W. 442.

It appearing from the record that the agent of the company made the representations charged by the plaintiff, as found by the trial court by virtue of his judgment, that such agent was one who had authority to waive the provision set out in the policy and above quoted, and that the attempt of the insurance company to limit the authority of such agent by such clause in its policy was and is void, and finding no reversible error, we affirm the judgment of the trial court.