## TRICE et al. v. GEORGIA HOME INS. CO.
### No. 4410.

Court of Civil Appeals of Texas. Amarillo.
April 22, 1935.

See, also, 70 S.W.(2d) 356.

Hamilton & Hamilton, of Matador, for appellants.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

MARTIN, Justice.

Appellants sued appellee upon a fire insurance policy and were denied any recovery by the trial court.

The case was tried below and is here upon an agreed statement of facts, the essential portions of which are:

"The defendant issued its policy of insurance insuring Mrs. M. J. Trice in the sum of One Thousand Dollars ($1,000.00) against loss by fire of a building belonging to her * * * in the town of Flomot, * * * in Motley County, Texas. Said policy became effective on the 30th day of December, 1932, at noon and was to remain in effect until the 30th day of December, 1933. at noon, unless earlier cancelled in accordance with the terms of said insurance policy. * * * That the premium of Thirty Six & 20/100 Dollars ($36.20) being one year's premium, was paid by the said Mrs. M. J. Trice and the policy of insurance was delivered to her.

"II. The said policy of insurance contained among said provisions, the following:

" 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance * * * be a dwelling, and be or become vacant for a period of exceeding ten days or unoccupied for a period exceeding 30 days.'

"That no agreement in writing indorsed thereon or was added thereto abrogating the foregoing provision. * * *

" ' * * . * If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium.'

"That said premises became vacant on January 18, 1933, and remained vacant continuously until January 30th, 1933, at which time it was totally destroyed by fire at about 5:30 o'clock A. M.

"III. That Frank Perkins, who resides at Lockney, Texas, and who is local agent of the defendant company, and who is authorized to solicit insurance for the defendant, issue policies and collect premiums therefor, and who issued the policy in question, visited Flomot on January 23, 1933, at which time he discovered the insured premises involved in this case, were vacant. He made inquiry of the lady who resided near the place where the insured premises had been prior to the fire and was informed that the destroyed premises became vacant on January 21st, 1933. On the same date, said Frank Perkins talked to Frank Cunningham at Flomot, local agent of the plaintiffs, but did not inquire of said Frank Cunningham, when said destroyed premises became vacant, but had he inquired of the said Frank Cunningham the date on which such premises became vacant, the said Frank Cunningham would have informed the said Frank Perkins, defendant's local agent, that the destroyed premises became vacant on January 18th, 1933. At the time said Perkins and Cunningham talked at Flomot, Perkins knew that Cunningham was plaintiffs' agent and they discussed the house being vacant. And it is agreed that said Frank Perkins was negligent in failing to ascertain that said premises became vacant on the 18th day of January, 1933.

"That the said Frank Perkins believed said destroyed premises became vacant on January 21st, 1933, at all times from January 23rd, 1933, when he discovered that such premises were vacant, up to a former trial of this case, which occurred during the month of August, 1933. * * * That upon returning to his office in Lockney after having found out that the insured premises were vacant on January 23rd, 1933, and believing that said premises having become vacant on January 21st, 1933, the said Frank Perkins wrote Cravens, Dargan & Company, general agents of the defendant at Houston, Texas, informing said Cravens, Dargan & Company that the insured premises were vacant, and had become vacant on January 21, 1933, whereupon Cravens, Dargan & Company instructed the said Frank Perkins to cancel the policy of insurance sued on and return the unearned portion of the premium. That in compliance with said instructions the said Frank Perkins wrote a letter on January 28th, 1933, to the plaintiffs at Mena, Arkansas, where they then resided, notifying said plaintiffs of the cancellation of said policy of insurance as of

January 30th, 1933, at 12:00 o'clock noon, and with said notice of cancellation the said Frank Perkins enclosed his personal check for $33.18, same being the unearned portion of the annual premium, which had theretofore been paid by the plaintiffs, based on said sum being eleven-twelfths (11/12) of the annual premium. That before said notice of cancellation reached the plaintiffs in Mena, Arkansas, the premises were totally destroyed by fire on January 30th, 1933, at about 5:30 o'clock, A. M. That shortly after having received notice of the cancellation of the said policy of insurance, which cancellation also contained a request of the return of the policy, plaintiffs found out that the insured premises had been destroyed by fire on January 30th, 1933. That plaintiffs refused to return the insurance policy sued on because the fire had occurred prior to noon of January 30th, 1933. But plaintiffs did indorse and deposited the check forwarded to them, which was made payable to Mrs. M. J. Trice, upon which check was printed the following:

" 'This check is in full settlement of account as shown herein. Acceptance by indorsement constitutes receipt in full.' * * *

"V. Upon receiving notice of the fire, plaintiffs wrote defendant's agent Perkins and asked him to furnish any blanks that may be necessary for making proper proof of the loss, by letter dated February 1st, 1933. In reply to that letter on February 16th, 1933, the said Perkins wrote as follows:

" 'I wish to say that the company will require you to furnish a carpenter's estimate in detail covering on your house which you lost. If you will get an estimate and mail it to me, or if you wish me to get someone here or at Flomot to make the estimate for you as the adjustor will require it before settlement is made and your policy reads that you are to furnish an estimate.'

"Following receipt of such letter, plaintiffs procured W. E. Clements, a carpenter at Flomot, to make up an estimate of the loss in writing, which was furnished to Mr. Perkins and for which plaintiffs paid the said Clements $5.00."

The property became vacant January 18th and remained so. The policy became void ten days thereafter under its own terms. The local agent learned on the 23d of its vacancy, but was erroneously informed it became so on the 21st. This erroneous information he conveyed to appellee, who wrote canceling the policy as of the 30th at noon.

Appellants insist here that judgment should have been entered for them upon said facts. This, because the ten-day vacancy provision of the policy quoted above had been waived by appellee under circumstances which imputed knowledge of its breach, when it wrote Mrs. Trice that her policy would be canceled as of noon on January 30, 1933, this being two days beyond the period it became void under said vacancy provision, and a few hours subsequent to the fire.

We state at the outset applicable legal principles which we regard as well settled.

"A waiver is the voluntary or intentional abandonment or relinquishment of a known right. It is an election not to take advantage of a technical defense in the nature of a forfeiture." 26 C. J. p. 280.

"If, therefore, an insurance company with knowledge of facts vitiating a policy, enters into negotiations or transactions with the insured, by which the company recognizes or treats the policy as still in force, or by its acts, declarations, or dealings leads the insured to regard himself as protected by the policy, or induces him to incur trouble or expense, such acts, transactions, or declarations will operate as a waiver of the forfeiture, and estop the company from relying thereon as a defense to an action on the policy." Cooley's Briefs on Insurance (2d Ed.) vol. 5, p. 4272.

"In order to establish a waiver, it must appear that the insurer acted with notice or full knowledge of the facts avoiding it or forfeiting the insurance. An insurer cannot be held to have waived a right which he did not know existed." Id., p. 3955.

"The rule stated applies generally, but is subject to an exception. Actual knowledge of facts forfeiting a policy is not necessary to a waiver, if the facts are of such nature that the insurer ought to have known of them by proper attention to its business, or if attending circumstances are of such nature as to put a prudent person on his guard." Id., p. 3959.

"The rule that an insurance company is chargeable with the knowledge of its soliciting agent does not, as a general rule, apply to matters of which a soliciting agent is informed after the execution of a policy. His authority ends with the forwarding of the application or with the delivery of the policy, and as to all that occurs afterwards he has neither duty nor responsibility.

"This doctrine is asserted in Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St.

Rep. 51; Cassimus v. Scottish Union & National Ins. Co., 135 Ala. 256, 33 So. 163; Ætna Fire Ins. Co. v. Kennedy, 161 Ala. 600, 50 So. 73, 135 Am. St. Rep. 160; Cedar Rapids Ins. Co. v. Shimp, 16 Ill. App. 248; Russell v. Cedar Rapids Ins. Co., 78 Iowa, 216, 42 N. W. 654, 4 L. R. A. 538; Garretson v. Merchants' & Bankers' Ins. Co., 81 Iowa, 727, 45 N. W. 1047; Taylor v. State Ins. Co., 98 Iowa, 521, 67 N. W. 577, 60 Am. St. Rep. 210; Harrison v. City Fire Ins. Co., 9 Allen (Mass.) 231, 85 Am. Dec. 751; A. M. Todd Co. v. Farmers' Mut. Ins. Co., 137 Mich. 188, 100 N. W. 442; Hamilton v. Aurora Fire Ins. Co., 15 Mo. App. 59; Wilson v. Genesee Mut. Ins. Co., 14 N. Y. 418; Sun Mut. Ins. Co. v. Texarkana Foundry & Machine Co., 15 S. W. 34, 4 Willson, Civ. Cas. Ct. App. (Tex.) § 31." Id., p. 4053. See, also, Republic Ins. Co. v. Dickson (Tex. Civ. App.) 69 S.W.(2d) 599, and authorities there collated.

In this case it is conclusively shown that appellee acted throughout upon the erroneous information conveyed to it by Perkins that the house became vacant on the 21st. Nor is it contended that Perkins, as local agent, had any previous authority to bind appellee on the dates mentioned. His action appears to have been voluntary and done after all his duties as soliciting local agent had ended. The appellants, however, reason that since Perkins, by the exercise of reasonable diligence, could have acquired actual knowledge that the house became vacant on the 18th of January, and since appellee accepted and adopted his purported investigation and acted thereon, they thereby ratified his act, he became their special agent, and that knowledge of any fact he might have learned will be imputed to appellee. Upon the question of ratification, we are met again with the same question of knowledge, without which, or its equivalent, there can be no ratification. We quote:

"* * * In order to make this rule operative the principal must know the actual facts and not merely what the agent, who is himself deceived, supposed were the facts.

"If the material facts have been suppressed or are unknown, although the principal has approved the agent's acts, there is no valid ratification, because of its being founded in fraud or mistake, and the principal is at liberty to repudiate his assent and assert his rights in other ways; and it matters not whether the principal's want of knowledge is due to designed or undesigned concealment or willful misrepresentation on the part of the agent or his mere inadvertence. * * *"

2 C. J., pp. 477, 478. See, also, Bank of Owensboro v. Western Bank, 13 Bush (Ky.) 526, 26 Am. Rep. 211; Mummy v. Haggerty, 15 La. Ann. 268.

There are important exceptions to this rule not here quoted because in our opinion they are inapplicable. See Mechem on Agency, § 129.

True, "knowledge of an agent within the general scope of his authority is the knowledge of his principal." Cooley's Briefs on Insurance (2d Ed.) Vol. 5, p. 4040. Otherwise expressed, if given power to act for a corporation, which can function alone through human agencies, so that he may be said to be the alter ego of such corporation, his knowledge is imputed to such corporation. Continental Fire Ass'n v. Norris, 30 Tex. Civ. App. 299, 70 S. W. 769. Here, knowledge of a vacancy came to a local agent with authority "to solicit insurance, issue policies and collect therefor." But such knowledge acquired by a local soliciting agent after his duties ended cannot be imputed to the insurance company. Continental Ins. Co. v. Cummings (Tex. Civ. App.) 95 S. W. 48; Id., 98 Tex. 115, 81 S. W. 705; 24 Tex. Jur. 816, and authorities, supra. Since there was no original authority in Perkins, and no ratification as above pointed out, there could be no knowledge imputed to appellee of a violation of the vacancy provision of the policy and therefore no waiver.

The burden was upon appellants to plead and prove a waiver. Cooley's Briefs on Ins., vol. 5, p. 4549. Waiver is largely a question of intention. The trial court found all issues against appellants. We are not able to say that the record shows conclusively and as a matter of law that a waiver was established by a preponderance of the evidence by appellants. We do not discuss the question of Perkins' admitted negligence, nor the effect of his instruction to get a carpenter's estimate, after the fire, which appellants complied with. If his acts had neither been authorized nor ratified, such matters obviously pass out of the case.

If we regard the letter of cancellation, written by appellee to appellants, as an offer to rescind, no contractual rights arose thereunder, because not received or accepted until after the loss occurred, and it further appearing that such letter was written upon the mistaken assumption that a vacancy occurred on the 21st, as above pointed out. Travelers' Ins. Co. v. Jones, 32 Tex. Civ. App. 146, 73 S. W. 978 (writ denied); 32 C. J. 1266.

Appellants sued both for the amount called for by the policy and the return of the unearned premium, amounting to $33.18. This record conclusively shows liability for such premium, in our opinion. Its return is one of the stipulations of the policy, upon the contingency shown to exist here. Authorities are cited by appellee to show that the amount of such premium did not have to be tendered as a prerequisite to the defense relied on. This may be true, but has nothing to do with the contractual liability for its return, already mentioned.

The court properly, in our opinion, refused judgment for the face of the policy, but erroneously denied a recovery for the unearned premium mentioned, and judgment as to such item is here reversed and rendered for appellants. The trial court's judgment is therefore affirmed in part and in part reversed and rendered.