## PHILLIPS v. GREAT NAT. LIFE INS. CO.
### No. 4605.

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1948.

White and Yarborough and H. J. Yarborough, Dallas, for appellant.

Webster Atwell, Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of a District Court of Dallas County, 116th Judicial District. Plaintiff, Mrs. Ruth Phillips, sued the defendant insurance company on a group insurance policy issued to Metzger Dairies, a corporation, on the lives of its employees, and alleged that under said policy she was the beneficiary of her husband and his life was insured by defendant in the sum of $1,000.00. Sought was judgment in this amount, together with penalty and attorney's fees. Trial was to the court with a jury. The court on motion of defendant rendered judgment in favor of plaintiff in the sum of $500.00, charging all costs against plaintiff. From this judgment plaintiff has appealed, claiming she was entitled to a judgment in the sum of $1,000.00, together with penalty and attorneys' fees.

The facts are few and simple, and it is thought there is no conflict in the evidence as to material issues.

On or about December 25, 1929, Metzger Dairies made written application for Group G insurance policy covering the lives of its employees, among whom was the deceased husband of plaintiff, and said policy was issued to it. Under this policy the life of plaintiff's husband was insured in her favor to the extent of $1,000.00. A certificate attesting that fact was issued to him. On December 21, 1932, Metzger Dairies made written application for a change in the policy whereby the coverage of em-

ployees who had reached the age of fifty years was reduced to $500.00. This change was assented to by the defendant and the amount of premium collected from the Metzger Dairies was correspondingly reduced. Plaintiff's husband was an employee of the Metzger Dairies from December 25, 1929, the date of the original policy, until his death in January, 1947. At the time of his death he was 57 years of age.

This policy was a term policy and provided for yearly renewal. All premiums were paid by the Metzger Dairies and none by the employees or their beneficiaries. Less premiums were charged on employees 50 years of age, where the coverage was claimed to be $500.00. It is conceded that employees less than 50 years of age were covered in the sum of $1,000.-00.

The verdict found that no notice was given plaintiff's husband that the policy had been changed so that the beneficiaries of employees 50 years old in case of death would receive only $500.00, instead of the $1,000.00 provided for in the original insurance; that the reasonable value of services rendered by plaintiff's attorney in representing her was in the sum of $350.00. The question posed by the appeal is—Was plaintiff entitled to recover $1,-000.00 with attorney's fees and penalty or only the sum of $500, the amount awarded and conceded by the defendant to be due under the policy.

In answer to this question we shall assume that no notice was given plaintiff's husband of the change made in December 1932 whereby employees 50 years or over were to be covered to the extent of $500.00 only. This change was effected by an application on the part of Metzger Dairy Company, which application was attached to and claimed by the defendant to have become a part of the policy, and assented to by the defendant.

Group insurance is a relatively new form of insurance, but basically the principles governing life insurance are: applicable. Group insurance is regulated by Art. 4764-a, Vernon's Civil Statutes. Among other things it provides for the form of policy,

for delivery by the insurer of the certificate to the employer, for delivery to each employee covered showing in general terms the amount and character of insurance. The policy here seems to have conformed in all respects to the Statute.

■ Appellant's first two points of error are briefed together. They are, in substance, that the policy could not be varied or altered or its provisions changed or extended except by written agreement signed by the President and Secretary or Vice-President of the company. Second, that an application made by the employer three years after policy was issued to change the coverage under the policy constituted no part of the policy when same was not approved, signed or endorsed by either the President, Vice-President or Secretary of the Great National Life Insurance Company. In our opinion each of these points is lacking in merit for the reason that the insurance company could not thus disable itself from contracting. See United States Fidelity & Guaranty Co. v. Taylor, Tex.Civ.App., 11 S.W. 2d 340. This change in the policy was made very near one of the annual renewal periods. For fourteen years or more premiums have been collected on the basis of the change. Plaintiff's beneficiary had not paid anything for this insurance, it was a pure and simple gratuity. If the employer Metzger Brothers had failed to renew same annually and the policy had been thereby cancelled or forfeited, plaintiff would have had no grounds of complaint, nor would her husband. It is thought that the Metzger Dairies would have had a right to cancel the policy. 44 C.J.S., Insurance, § 455, (b), p. 111. It follows from the unrestrained power of the insured employer to cancel or drop the insurance he may before liability has accrued decrease or increase same, this without notice to the employee. What is said applies only to the fact here involved, that is, where the employer pays all the premiums. If the employee paid all or part of the premiums a different case as to modification, cancellation or lapsation might be presented.

The third point of error is that the court erred in allowing the amended application for the policy made in December 1932 to be introduced in evidence. We think what we have already said disposes of this point.

■ No error is presented by either point 4 or 5 in substance that the court erred in permitting Dave Metzger, the employer appellants, to testify that he reduced the premium on insurance for employees who had reached 50 years, and allowed him to testify that he changed the coverage on all employees after they reached 50 years. The effect of the written application for such change was in no way altered by this testimony. In our opinion beyond any question the coverage for employees fifty years of age or over was changed by the application of the insured Metzger Dairies. Same was assented to by the defendant. If at the time of this change liability on the policy had accrued a different question would be presented. But liability did not accrue until 14 or 15 years after the change in coverage had been made.

Under the undisputed facts in this case plaintiff is only entitled to recover the $500.00 paid into the registry of the court for her benefit. A very exhaustive note is to be found in 142 A.L.R. 1288 on the necessity of consent or notice to insured employee or beneficiaries in order for insurer and employer to cancel or modify a group policy. There seems to be a distinction as to the power and rights in this, as to whether liability has accrued under the policy. It is true there is some disagreement among the authorities on this point, some holding that notice to insured employee or beneficiary is necessary. In our opinion the better rule is that where the employer pays all the premiums that consent of employee or beneficiary is unnecessary, especially where the change is made before liability has accrued and at the beginning of a renewal period. 142 A.L.R. 1288.

The rendering of the judgment for $500.-00 was not error. The defendant and Metz-

ger Dairies had a right to modify the coverage of this policy without consent of either the employee Phillips or his wife, the plaintiff here. There is no error in the judgment and same is in all things affirmed.