UNITED BANKERS LIFE INSURANCE COMPANY, Appellant,

v.

Kenneth A. MATTHEWS, Appellee.

No. 12739.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 12, 1955.

Rehearing Denied Feb. 9, 1955.

Boone, Davis, Cox & Hale, Corpus Christi, John Lee Smith, Lubbock, for appellant.

Kirkham & Graham, Corpus Christi, for appellee.

POPE, Justice.

United Bankers Life Insurance Company has appealed from a judgment on a jury verdict in favor of Kenneth A. Matthews. The insurer issued an accident and health policy to the insured, and thereafter the insured's wife was stricken by polio. The insurer paid the insured large sums of money, in accord with the benefits provided by the policy, but refused to pay for the services of a practical nurse, since the policy only required the insurer to pay for the services of a registered nurse. The insured asserted an agreed modification of the original policy, but the insurer urges that the agreement was invalid because, (1) the agreement was made by its claim department and the original policy contained a clause which provided that no change in the policy shall be valid unless approved

by an executive officer of the company and that such approval must be endorsed on the policy, (2) the insurance statutes require that the policy contain the entire contract between the insurer and insured, Art. 21.24, Insurance Code, Vernon's Ann.Civ. Stats., and (3) the modification would amount to a rebate which is prohibited by Article 21.21, Insurance Code, Vernon's Ann.Civ.Stats.

The judgment in favor of the insured must be affirmed. The insured knew and understood the terms of the policy and its limitations upon the contracting powers of the agents of the insurer. While the insured's wife was in the hospital and upon her request, the insured took steps seeking to transfer his wife from the hospital to her home. This plan was approved by the family physician. Insured wrote· a letter to the United Bankers Life Insurance Company at its home office in Dallas, Texas. The home office, as was usual, channeled the letter into what it considered the proper company office for attention. The letter consisted of only two sentences: "Please advise me whether or not this policy covers practical nurse. Since Registered Nurses are hard to find here in Corpus Christi, the doctor has advised me to use a practical nurse." Three days later the insurer answered the letter through its claim department. Above the salutation were the words: "Re: Policy No. 750628, Claim of Mrs. Kenneth A. Matthews." The reply stated that the terms of the policy included only the services of a registered nurse, but added: "However, if you wish, we will be happy to submit this exception to our reinsurance company for their approval. We would suggest that you have your doctor issue a statement to the effect that the services of a registered graduate nurse were not available and that he advised the use of a practical nurse." The letter was signed by "United Bankers Life Insurance Company, E. Rodgers, Claim Department." The president of the insurance company testified that E. Rodgers was in charge of the Claim Department for the Company in the absence of Mr. George Heath. Upon receipt of the letter, insured placed a telephone call for Mr. Heath at the insurer's home office in Dallas, but located him in Houston. Heath told the insured that upon his return to Dallas he would advise him, and also that the policy provisions were often waived in line with the request the insured made.

A few days later insured wrote the insurer and furnished the data suggested in the letter from the claim department, including a letter from the family physician stating the unavailability of a registered nurse and his consent to removal of his patient to her home and the services of a practical nurse. The insurer, by a letter dated July 21, 1952, again signed by "E. Rodgers, Claim Department," replied by stating in part:

"In reply to your letter dated July 16, we wish to state that we will pay for the practical nurse temporarily only until a registered graduate nurse is available."

The insured, upon receipt of that letter, moved his wife from the hospital, found and used a registered nurse for about two weeks at his home, and then began using a practical nurse. The jury found that the practical nurse was used "temporarily only until a registered nurse is available."

◼ Under the evidence, the claim department had full and ample authority to make the new agreement. When the insured wrote the home office, the insurer directed the letter into its claim department, where the insurer decided it belonged. The company president testified that the claim department had authority to write the letter of July 21st, but denied that the head of that department had authority to change the terms of the contract. The president's testimony was equivocal with reference to the authority of the company claim department. The head of its claim department did not testify at all, from which fact the jury was justified in drawing inferences in support of authority. 17 Tex. Jur., Evidence, § 86.

■ Under the settled law of Texas, agents otherwise having authority to contract, are not deprived of the power to contract by the policy provision which provides: "No change in this policy shall be valid unless approved by an executive officer of the company, and such approval endorsed herein." Equitable Life Assurance Society of United States v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S.W. 625; Morrison v. Insurance Company, 69 Tex. 353, 6 S.W. 605; Phillips v. Great National Life Ins. Co., Tex.Civ.App., 226 S.W.2d 660; United States Fidelity & Guaranty Co. v. Taylor, Tex.Civ.App., 11 S.W.2d 340; 44 C.J.S., Insurance, § 281. The rule is equally applicable to the part of the clause that the approval must be endorsed on the policy. A statement of the rule which passes on both of these matters is found in Home Insurance Co. of New York v. Roberts, 129 Tex. 178, 100 S.W. 2d 91, 93, wherein it is said:

"It is now well settled in Texas that a provision in an insurance policy that no condition or stipulation shall be waived except by a written indorsement attached to the policy is ineffectual to prevent a parol waiver of such provisions and conditions by an authorized agent acting within the scope of his authority. (Citing cases.) These cases are based on the proposition that an insurance corporation cannot thus limit its power subsequently to contract in any lawful manner by and through its authorized agents acting within the scope of their authority. For the same reason, a stipulation in the policy that only certain officers and agents named therein shall have the power to waive the conditions of the policy does not preclude an authorized agent, other than the officials named, acting within the scope of his authority, from effecting such a waiver."

Were the rule otherwise, it would be doubtful whether, under such a policy provision, any one other than an executive officer, such as the president or vice-president, could adjust a claim, for adjustments and compromise agreements are in the nature of new contracts.

■ The statute, which requires the policy to contain the entire contract, has no application to agreements between the insurer and insured made subsequently to the issuance of the policy. Pacific Mut. Life Ins. Co. of California v. Thurman, 126 Tex. 363, 89 S.W.2d 202; Southland Life Ins. Co. v. Hopkins, Tex.Com.App., 244 S.W. 989; State Mut. Life Ins. Co. v. Rosenberry, Tex.Com.App., 213 S.W. 242.

■ Nor is there merit in the insurer's contention that the statute prohibiting rebates is violated if the insured is permitted to recover for a practical nurse rather than for a registered nurse as stated in the original policy. If Article 21.21, Insurance Code, Vernon's Ann.Civ.Stats., be applicable to health and accident policies, Continental Fire & Cas. Ins. Corp. v. American Mfg. Co. of Tex., Tex.Civ.App., 206 S.W. 2d 669, it does not follow that the contract is invalid. Southland Life Ins. Co. v. Hopkins, supra.

American National Insurance Company v. Tabor, 111 Tex. 155, 230 S.W. 397, 399, in addition to the above reasons, in our opinion, is authority for affirming the judgment. The Court there states:

"While it is not within the power of insurance companies, in placing policies in certain forms on the market, to materially change or evade the obligations imposed on them, by statute, for the protection and advantage of the insured and of their beneficiaries, yet we believe the insurance companies are bound by modifications of the insurance contract which they have voluntarily made, and which have no other effect than to leave clauses authorized for their own benefit somewhat less to their advantage than would be permissible under the statutes."

The judgment of the trial court is affirmed.