**J. D. CHESSER et al., Appellants,**

**v.**

**Honorable Charlie GROOMS, County Judge, et al., Appellees.**

**No. 6111.**

Court of Civil Appeals of Texas.

Beaumont.

April 18, 1957.

E. B. Votaw, Vidor, for appellant.

John O. Young, S. P. Dunn, W. P. Sexton and Jas. N. Neff, Orange, for appellee.

ANDERSON, Justice.

Appellants, J. D. and A. L. Chesser, as relators, brought suit for mandamus in the district court of Orange County against the county judge, the county commissioners, and the county clerk of said county

to compel the Commissioners Court to authorize the filing and recordation in the deed records of the county, and the clerk to file and record, a map or plat of a subdivision of land within the county, which subdivision was not situated within five miles of the corporate limits of any incorporated city or town; Article 6626, Vernon's Texas Civil Statutes, rendering such authorization by the Commissioners Court a prerequisite to the clerk's right to act in the premises. The judge and commissioners were sued in both their official and their individual capacities; the clerk, only in her official capacity. After hearing had been had on the application or complaint, but prior to rendition of any judgment, the respondents moved for dismissal of the suit, on the ground that the case had become moot. They represented that since the time at which the suit was instituted the Commissioners Court had, by order duly entered in its minutes, granted the authorization relators were seeking. Relators answered and opposed respondents' motion to dismiss, and a hearing was had on the motion. At the conclusion of the hearing, the trial court held the case to be moot and dismissed it, adjudging all costs against the relators. This appeal was perfected by the relators from the order of dismissal.

On June 11, 1956, relators petitioned the Commissioners Court of Orange County to approve "for registration purposes only" a map or plat of what was designated the "Chesser Subdivision" and a deed by which relators dedicated to the general public the streets delineated on the map or plat. Both the map or plat and the deed were presented with the written petition, and the adequacy of neither has been questioned as to either form or substance. Thirty-seven building lots and two streets, all of which had been carved out of a twelve-acre tract of land, were delineated on the map or plat. The petition or the requested authorization was refused by the Commissioners Court June 22, 1956, for the reason that the streets delineated on the map or plat were not of sufficient width to meet the requirements of a "Subdivision Code" the court had recently adopted. An order of refusal, to which was attached a copy of the "Subdivision Code," was duly entered in the minutes of the court. On the same day, June 22, 1956, relators commenced this action for mandamus in the district court. A hearing before the latter court was had on July 23, 1956, after which the case was held under advisement until it was dismissed on October 25, 1956. On September 10, 1956, the Commissioners Court rendered and entered in its minutes the order which was subsequently held to have rendered the mandamus action. In so doing, the Commissioners Court acted without notice to relators and without relators having made any new application to it for authorization to file and record the plat and deed. Relators appear to have first learned of the order when, on September 13, 1956, respondents filed their motion to have the suit for mandamus dismissed. In material part, the order of the Commissioners Court, a certified copy of which was introduced in evidence by respondents when their motion to dismiss was heard, was as follows:

"The State of Texas "County of Orange } In The County Commissioners' Court of Orange County, Texas

"Order Approving Map Or Plat of Chesser Twelve Acre Sub-Division of I. & G. N. R. R., Section 17.

"Be It Remembered, that heretofore on the 11th day of June, 1956, at a regular term of this Court and at a time when all members of the Court were present, there appeared in open court Mr. E. B. Votaw, an attorney at law, and thereupon duly presented to the Court the written application of J. D. Chesser and A. L. Chesser requesting the Court to approve for registration purposes only (under Article 6626, R.C.S.1925, as amended), the map or

plat, together with the dedication deed theretofore executed by the said J. D. and A. L. Chesser to the general public, covering and describing * * *

"That thereupon the Commissioners' Court found that the plat and dedication deed for the Chesser Subdivision, above mentioned, did not satisfy the subdivision code heretofore adopted by this Commissioners' Court in that the width of the streets as described in such plat and dedication deed did not comply with the requirements as set out in such subdivision code. That the petitioners, J. D. Chesser and A. L. Chesser, were informed by the Commissioners' Court that if the subdivision code was complied with, the plat and dedication deed would be accepted and the streets therein would become a part of the county road system. That the petitioners refused to comply with the suggestion of the Commissioners' Court and have still insisted that their plat and dedication deed be accepted for registration purposes only. It is understood that the acceptance of this plat for registration only will not make the streets described therein a part of the county road system, and Orange County assumes no responsibility to either establish or maintain in any degree any of such streets. It will be the exclusive obligation of either the petitioners, J. D. Chesser and A. L. Chesser, or any person buying lots in such subdivision, to establish and maintain all streets therein at their own expense.

"That after having fully examined the documents above referred to, the Court finds that said map or plat, and said dedication deed, contains all field note and metes and bounds descriptive matter as well as all other pertinent information necessary or required in order to enable the proper taxing authorities of this State to place and carry said property on their tax rolls and in order to avoid duplicate or double taxation of the same land. Therefore the Court is of the opinion that said application

should be in all things granted and that this Court should approve said map or plat, together with said dedication deed, for registration purposes only as prayed for by said applicants.

"It Is Therefore Considered By The Court so ordered, and adjudged and decreed that said application of the said J. D. and A. L. Chesser be, and the same hereby is, granted and allowed. It is further ordered and decreed that said map or plat as well as said dedication deed of said Chesser Subdivision be, and such instruments hereby are, approved for registration purposes only, and the Clerk of this Court is hereby authorized to properly record said documents among the records on file in the office of the County Clerk of Orange County, Texas. Provided, however, that the approval evidenced by this order shall be for regisration purposes as provided in Article 6626, R.C.S.1925, as amended, and nothing in this order shall ever be construed as an acceptance by Orange County, Texas, or by the Commissioners' Court of said County, of the proffered dedication of the roadways or streets described in any of the instruments above referred to and neither said County nor said Court assumes any liabilities, duties or obligations of whatsoever nature by virtue of this approval for the purposes above stated.

"It is further ordered that a copy of this order be filed for record by the County Clerk of Orange County, Texas, in the Deed Records of Orange County, Texas. The County Clerk of this county is also directed by this Court to place the following notation on the map or plat of this subdivision at the time it is recorded in the map records of Orange County, Texas: 'This plat has been accepted by the Commissioners' Court of Orange County, Texas for recording for registration purposes only. The streets shown on this plat are not a part of the county road system and Orange County assumes no responsibility

to either establish or maintain any of such streets.'

"Rendered and Entered this the 10th day of September, 1956.

"Charlie G. Grooms,
"Judge of the County Court of Orange County, Texas."

The basic question for decision, of course, is that of whether, in the circumstances we have mentioned, the foregoing order of the Commissioners Court rendered the suit for mandamus moot. We have concluded that it did not. Other questions aside, the order failed to grant the untrammeled authorization to which relators were entitled if they were entitled to one at all; and since it did so fail, relators should not be compelled to accept it in lieu of their right to prosecute their suit to judgment on its merits. The authorization contained in the order is hedged about with provisions and recitations which, for fear of incurring legal liabilities or of prejudicing their legal rights, and for fear of rendering sale of their lots more difficult, relators may well not wish to be placed in the light of having accepted or acquiesced in by acting on the authorization. For example, the clerk is directed to place on the map or plat an endorsement which is in part as follows: "The streets shown on this plat are not a part of the county road system * * *." This, if accepted or acquiesced in by relators, would almost certainly result in their being confronted by a plea of res judicata and of estoppel in any suit they might bring for the purpose of having it judicially determined that the streets are presently a part of the county road system, and such a suit is represented by relators as being more than a mere possibility. In the preamble of the order it is stated: "It will be the exclusive obligation of either the petitioners, J. D. Chesser and A. L. Chesser, or any person buying lots in such subdivision, to establish and maintain all streets therein at their own expense."

Acceptance of or acquiescence in this provision by relators might well cause some lot purchaser to contend that relators had thereby become personally liable for the expense of laying out and maintaining all streets in the subdivision. The provision might also cause prospective purchasers to fear that by purchasing lots they would themselves become personally liable for the expense of ensuing street maintenance. The order as a whole furthermore tends to leave the impression that the map or plat is authorized to be recorded only for tax purposes. This results from the fact that it leaves no doubt that the authorization was prompted by a finding that the plat contained sufficient data for tax purposes, and at the same time makes clear that relators still had not met the objections that had previously caused their application to be refused.

What the true legal effects of the matters we have mentioned are or might be is beside the point. If relators are entitled under the law to have the map or plat filed and recorded they are entitled to an authorization therefor that is unencumbered by controversy-breeding provisions and recitations.

■ The Commissioners Court was within its rights in expressly disclaiming in the order any intention of thereby impliedly accepting relators' offer of dedication of the streets or of making the streets part of the county road system. And any appropriate disclaimer of intention to act by implication would be proper. The order of authorization should not, however, be so framed as possibly to affect adversely existing legal rights of the petitioning party.

The foregoing renders it unnecessary for us to pass upon questions the appellants have presented with reference to the jurisdiction of the Commissioners Court to render and enter the second order, the one granting authorization, and we forego doing so. Also, since the matter has not been passed upon by the trial court,

we express no opinion on whether, on the evidence adduced on the hearing on application for mandamus, relators were or were not entitled to prevail.

For the reasons indicated, the judgment of the trial court, dismissing the case as moot, is reversed and the cause is remanded for judgment on its merits.