

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 15, 1961

Mr. Charles R. Lind
County Attorney
Blanco County
Johnson City, Texas

Opinion No. WW-1055

Re: Whether the placing of the
file mark of the County
Clerk on a subdivision plat
or map of a subdivided tract
of land located in the county
but not within five miles of
an incorporated town, without
the authorization of the
County Commissioners' Court
constitutes an acceptance by
the County Commissioners'
Court of the road system set
forth in the plat or map as
a part of the county road
system.

Dear Mr. Lind:

In a recent opinion request of this office you state
and ask the following:

"I have been asked to write you
concerning Sec. 6626 and Sec. 6626A VCS,
which sets up the procedure for filing
subdivision plats with the County Clerk
and acceptance of said plats by the
Commissioners' Court.

"If a subdivision plat is filed
and no action is taken by the Commis-
sioners' Court, is this an acceptance
and approval of the plat by the County,
or is this filing a mere offer and until
action is taken by the Court, there shall
be no legal acceptance due to non-action
of the Court?"

We shall assume for the purposes of this opinion that
private owners of a tract of land which is located in Blanco
County, and which is not within five miles of an incorporated
town have subdivided into lots, streets, and alleys, said tract

and platted same; that said owners then took said plat to the County Clerk of Blanco County and had said clerk attach his file mark to said plat without first obtaining an authorization to file said plat from the Commissioners' Court of Blanco County reflected by an order duly entered into the minutes of the Commissioners' Court of said county.

We shall assume further that you desire to know if a subdivision plat, at least to the extent that it affects the county road system of Blanco County, has been legally filed in the records of the County Clerk and if the action of the County Clerk taken in regard to said plat constitutes an acceptance of the streets and alleys as set forth upon said plat by the Commissioners' Court of Blanco County as a part of the Blanco County road system.

Article 6626 V.C.S. reads in part:

"The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz.: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or moveable property of any description; provided, however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, . . ." (Emphasis added)

The language of Article 6626 is clear in that before the County Clerk may legally file such a plat the filing must be authorized by the Commissioners' Court of the county wherein the subdivided land lies and said order authorizing the filing entered in the minutes of said Court. In the instant case this has not been done. The plat is not legally on file in the County Clerk's office. (If it would be an abuse of discretion by the Commissioners' Court not to authorize the filing of a subdivision plat under the facts in any particular case, mandamus will lie to compel the Commissioners' Court to authorize filing of the plat by the County Clerk and to enter the Court's approval in its minutes. Accord, Chesser v. Grooms, 302 S.W.2d 488 (Civ.App., 1957).)

We therefore are of the opinion that the plat, insofar as it affects the county road system of Blanco County, has not been legally filed of record in said county as required by Article 6626, and the illegal act performed only by the County Clerk does not constitute legal action of the County Commissioners' Court in regard to the county road system.

## SUMMARY

The placing of the file mark of the County Clerk on a subdivision plat or map of a subdivided tract of land located in the county, but not within five miles of an incorporated town, without the authority of the County Commissioners' Court does not constitute an acceptance by the County Commissioners' Court of the road system set forth in the map or plat as a part of the county road system.

Yours very truly,

WILL WILSON
Attorney General of Texas


By: *Milton Richardson*
Milton Richardson
Assistant

MR:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis
W. O. Shultz
Robert A. Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt