**Leon Joseph CHARLSTON, Appellant,**

v.

**ALVIN STATE BANK, Appellee.**

**No. 10–81–056–CV.**

Court of Appeals of Texas, Waco.

Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

William W. McNeal, Austin, for appellant.

W. Edwin Denman, Wommack, Denman & Mauro, P. C., Lake Jackson, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Charlston from take-nothing judgment in a trespass to try title suit.

Plaintiff sued defendant bank claiming ownership of a strip of land 30 feet wide. Defendant answered by general denial and the defense of adverse possession. Trial was to the court, which rendered judgment plaintiff take nothing and that title be quieted in defendant. Plaintiff appeals on 4 points.

The land involved is a 30 foot strip comprising a portion of a platted but unopened street in the Disney's Addition of Alvin, Texas. The parties stipulated common source of title and the area in dispute. Defendant traces its claim of title to a 1941 conveyance which contained a field note description including the disputed area, which is the south half·of Foley Street. Plaintiff asserts title based upon the public dedication of Foley Street in 1890 combined with his ownership of land abutting the street through regular chain of title since 1924. The trial court filed findings of fact and conclusions of law as follows: The court failed to find any intent on the part of the owners to dedicate the land as a public street; the court failed to find that defendant and those under whom it claimed had been in adverse possession of the property for any period as long as five years; that the subject property was included in the metes and bounds description of the deeds comprising defendant's chain of title; that neither the plat of the addition, nor any other evidence, establishes dedication of Foley Street; that plaintiff's predecessor in title did not acquire title to the disputed property by conveyance of property abutting it; and that a subsequent deed to defendant's predecessor in title containing a field note description of the property conveyed good record title thereto.

Point 1 asserts the evidence established plaintiff's title to the disputed area as a matter of law. Point 2 asserts the undisputed evidence established dedication of Fo-

ley Street as a matter of law. Point 3 asserts the plat of Disney's Addition had the legal effect of dedicating the streets thereon as a matter of law. Point 4 asserts the plat itself is evidence of intent to dedicate. We overrule these four points.

The question of whether or not Foley Street was dedicated to the public use is determinative of this lawsuit. If it was so dedicated as of 1924, then plaintiff's assertion of valid title should be sustained, because conveyance by specific field notes of land abutting on a street conveys title to the center line of such street, even though the field notes describing the land stop at the side line, unless a contrary intention is expressed in plain and unequivocal terms. *Cantley v. Gulf Production Co.,* 135 Tex. 339, 143 S.W.2d 912. The land here involved was part of the plat of Disney's Addition to the City of Alvin which was filed of record in 1890. The plat showed numbered blocks ..and lots, along with named streets, among them Foley Street. Foley Street was to run east-west and was to be 60 feet wide; its southern boundary formed the northern boundary of the land conveyed by field note description to plaintiff's predecessor in title. The street was never opened and the land was never used as a street. Nevertheless, plaintiff claims the 30 feet of land to the center line of Foley Street, arguing that the property was dedicated for use by the public as a street before the abutting land was conveyed to his predecessors, making such property subject to application of the *Cantley* rule, supra. Defendant urges plaintiff failed to adduce sufficient evidence of dedication, and therefore the subsequent conveyances to its predecessors with field note descriptions encompassing Foley Street conveyed good title to the disputed area.

We first address plaintiff's contention that the filing of the plat alone had the legal effect of dedicating the streets shown thereon. *Aransas County v. Reif,* (Corpus Christi, Tex.Civ.App.) NRE, 532 S.W.2d 131, holds that the recording of a map or plat which shows streets thereon, without more, does not constitute a dedication, as a matter of law, of such streets as public roadways. The primary issue is one of intent to dedicate, and without a clear showing that the grantor of the land intended to dedicate streets thereon to the public, no dedication can be established. *Ford v. Moren,* (Texarkana, Tex.Civ.App.) NRE, 592 S.W.2d 385. Intent to dedicate is a question of fact for the trier of fact. *Viscardi v. Pajestka,* Tex., 576 S.W.2d 16.

One of the most important factors tending to show intent to dedicate is the conveyance of land comprising the platted addition with reference to the plat on file. See *McCraw v. City of Dallas,* (Dallas, Tex. Civ.App.) NRE, 420 S.W.2d 793. Our attention is directed to conveyances before 1924, when plaintiff's predecessors in title acquired the land abutting Foley Street. There were six deeds admitted into evidence which were executed in or before 1924 and which conveyed land comprising Disney's Addition. In none of those six deeds is reference made to the plat of Disney's Addition on file since 1890. Though a surveyor familiar with the land testified that there had been many conveyances of property through the years by reference to the plat of Disney's Addition, he did not indicate whether those many conveyances he referred to were before or after 1924. As the trier of fact, the trial court was entitled to draw its own conclusions from the evidence on this issue, *Flagg Realtors, Inc. v. Harvel,* (Amarillo, Tex.Civ.App.) NRE, 509 S.W.2d 885, and from the evidence the trial court was authorized to believe that there had been no conveyances before 1924 with reference to the plat. The record presents no other probative evidence of the grantor's intent to dedicate the streets which would have established such dedication by the year 1924, and the trial court's conclusion that no dedication was established must be upheld. This conclusion negates plaintiff's cause of action, and the judgment quieting title in defendant and decreeing plaintiff take nothing is affirmed.

AFFIRMED.