Honorable Jerry Cobb Criminal District Attorney P. O. Box 2344 Denton, Texas 76201
Re: Whether a commissioners court may approve a plat and accept a road for county maintenance under certain conditions
Dear Mr. Cobb:
You have requested our opinion regarding two questions. First, you ask:
 1. Can a commissioners court approve a plat and accept roads for county maintenance if three landowners have not signed the plat dedicating the road to the public?
It is also indicated that there are more than three landowners of the land in the plat, and that the three landowners, refusing to sign the plat, own separate lots within the plat.
A commissioners court may exercise only such powers as the constitution or the statutes have specifically conferred upon them. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Section 2.401(d) of article 6702-1, V.T.C.S., authorizes a commissioners court of a county to approve a plat of a subdivision dedicating roads to the public by the owner of the land subdivided in the plat. V.T.C.S. art. 6702-1, §§ 2.401(a), (d). If the owner or owners of the tract of land subdivided in the plat follow the specified statutory procedure outlined in section 2.401 of article 6702-1, V.T.C.S., the commissioners court is not authorized to reject the filing of the plat. Commissioners' Court v. Frank Jester Development Co.,199 S.W.2d 1004, 1007 (Tex.Civ.App.-Dallas 1947, writ ref'd n.r.e.) (approval of a plat properly filed is a ministerial duty of the commissioners court). Section 2.401(b) of article 6702-1, V.T.C.S., provides:
 (b) The owner of any tract of land . . . who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any such tract of land . . . or for laying out suburban lots or building lots, and for the purpose of laying out streets, alleys or parks, or other portions intended for public use . . . shall cause a plat to be made thereof. . . . (Emphasis added).
This provision requires the `owner' of the tract of land to be subdivided to cause a plat to be made. Although this provision uses the term `owner' in the singular, it must be read in harmony with the entire statute. See Turnpike Authority v. Shepperd,279 S.W.2d 302 (Tex. 1955).
Section 2.401(c) of article 6702-1 provides as follows:
 (c) Every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for acknowledgement of deeds. Subject to the provisions contained in this section, such plat shall be filed for record and be recorded in the office of the county clerk of the county in which the land lies. (Emphasis added).
Hence, when sections 2.401(b) and (c) are read together it can be concluded that the legislature contemplated that there might be more than one landowner of the tract of land to be subdivided. Therefore, the commissioners court is not authorized to approve a plat which has been filed without all of the landowners' signatures. V.T.C.S. art. 6702-1, § 2.401(c).
In addition, you ask whether the commissioners court may accept the roads on the plat for county maintenance when the three landowners have not signed the plat dedicating the roads to the public. Approval of a plat and acceptance of a plat dedicating roads to the public are separate and distinct functions of the commissioners court. Commissioners' Court v. Frank Jester Development Co., supra; Attorney General Opinion JM-200 (1984). The filing of a map or plat which shows a street or road therein, without more, does not constitute a dedication. See Charlston v. Alvin State Bank, 638 S.W.2d 643 (Tex.App.-Waco 1982, writ ref'd n.r.e.). In order to effectuate an express dedication there must be an intent to dedicate, a communication of the intent to dedicate, and an acceptance of the land being dedicated. See Ford v. Moren, 592 S.W.2d 385 (Tex.Civ.App.-Texarkana 1980, writ fef'd n.r.e.); see also Attorney General Opinion JM-200. The landowner or owners of the tract of land must evidence an intent to appropriate the land shown in the plat for some proper public purpose. See Adams v. Rowles, 228 S.W.2d 849 (Tex. 1950). The filing of a map or plat is only an offer to dedicate the streets shown thereon to the public. See 30 Tex. Jur.3d Dedication § 20 (1983). A commissioners court is authorized to accept property dedicated to the public. Cf. Chesser v. Grooms, 302 S.W.2d 488
(Tex.Civ.App.-Beaumont 1957, no writ); Commissioners' Court v. Frank Jester Development Co., supra. Without the three landowners' signatures, there is no effective offer or intent to dedicate the land shown on the plat even though these owners own separate tracts of land. We therefore conclude that the commissioners court may not accept these roads for public maintenance because there has been no dedication of the roads to the public.
You also ask:
 2. Can a commissioner pave a road if the plat has not been approved if the landowners who have not dedicated the road sign a waiver?
Since the plat has not been approved by the commissioners court, there can be no statutory dedication of these roads to the public under Texas law. See V.T.C.S. art. 6702-1, § 2.401; see also Attorney General Opinion JM-200. The only methods by which these roads may be dedicated to the public are through express or implied dedication. A prior opinion of this office explains:
 Common-law dedications are of two classes — express and implied. . . . In both, it is necessary that there be an appropriation of the land by the owner to public use, in the one case, by some express manifestation of his purpose to devote the land to public use; in the other, by some act or course of conduct from which the law would imply such an intent. (Citation omitted).
Attorney General Opinion JM-200 (1984). Unless the waivers executed by the landowners evidence an intent to dedicate, and the commissioners court accepts the express or implied dedication of land by these landowners, the commissioners court may not pave these roads with public funds. Id. A waiver is the voluntary or intentional abandonment or relinquishment of a known right. See Trice v. Georgia Homes Insurance Co., 81 S.W.2d 1055
(Tex.Civ.App.-Amarillo 1935, no writ). Therefore, a commissioners court is authorized to pave a road if the landowners who have not signed the plat execute a waiver to dedicate the roads to the public provided that there has been an acceptance by the commissioners court. A commissioners court expressly accepts a dedication when it votes and notes the acceptance in the minutes. Attorney General Opinion JM-200.
 SUMMARY
Article 6702-1, sections 2.401(b) and (c), V.T.C.S., prohibit a commissioners court from approving a plat dedicating roads to the public without the signatures of all the landowners of the tract to be subdivided. Nor may a commissioners court accept roads for public maintenance when there has not been an intent to dedicate by all the landowners evidenced by their signature on the plat. However, the commissioners court is authorized to accept the plat and pave the roads dedicated to the public if the landowners, whose signature does not appear on the plat, have executed a waiver evidencing their intent to dedicate the roads to the public.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General