

# The Attorney General of Texas

May 14, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jerry Cobb
Criminal District Attorney
P. O. Box 2344
Denton, Texas    76201

Opinion No. JM-317

Re: Whether a commissioners court
may approve a plat and accept a
road for county maintenance under
certain conditions

Dear Mr. Cobb:

You have requested our opinion regarding two questions. First, you ask:

> 1. Can a commissioners court approve a plat and accept roads for county maintenance if three landowners have not signed the plat dedicating the road to the public?

It is also indicated that there are more than three landowners of the land in the plat, and that the three landowners, refusing to sign the plat, own separate lots within the plat.

A commissioners court may exercise only such powers as the constitution or the statutes have specifically conferred upon them. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Section 2.401(d) of article 6702-1, V.T.C.S., authorizes a commissioners court of a county to approve a plat of a subdivision dedicating roads to the public by the owner of the land subdivided in the plat. V.T.C.S. art. 6702-1, §§2.401(a), (d). If the owner or owners of the tract of land subdivided in the plat follow the specified statutory procedure outlined in section 2.401 of article 6702-1, V.T.C.S., the commissioners court is not authorized to reject the filing of the plat. Commissioners' Court v. Frank Jester Development Co., 199 S.W.2d 1004, 1007 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.) (approval of a plat properly filed is a ministerial duty of the commissioners court). Section 2.401(b) of article 6702-1, V.T.C.S., provides:

> (b) The _owner of any tract of land_ . . . who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any such tract of land . . . or for laying out suburban lots or building lots, and for the purpose of laying out streets, alleys or parks, or

p. 1450

> other portions intended for public use . . . <u>shall</u>
> <u>cause a plat to be made thereof</u>. . . . (Emphasis
> added).

This provision requires the "owner" of the tract of land to be sub-
divided to cause a plat to be made. Although this provision uses the
term "owner" in the singular, it must be read in harmony with the
entire statute. <u>See</u> <u>Turnpike Authority v. Shepperd</u>, 279 S.W.2d 302
(Tex. 1955).

Section 2.401(c) of article 6702-1 provides as follows:

> (c) Every such plat shall be duly acknowledged
> by owners or proprietors of the land, or by some
> duly authorized agent of said <u>owners or proprie-</u>
> <u>tors</u>, in the manner required for acknowledgement
> <u>of deeds</u>. Subject to the provisions contained in
> this section, such plat shall be filed for record
> and be recorded in the office of the county clerk
> of the county in which the land lies. (Emphasis
> added).

Hence, when sections 2.401(b) and (c) are read together it can be
concluded that the legislature contemplated that there might be more
than one landowner of the tract of land to be subdivided. Therefore,
the commissioners court is not authorized to approve a plat which has
been filed without all of the landowners' signatures. V.T.C.S art.
6702-1, §2.401(c).

In addition, you ask whether the commissioners court may <u>accept</u>
the roads on the plat for county maintenance when the three landowners
have not signed the plat dedicating the roads to the public. <u>Approval</u>
of a plat and <u>acceptance</u> of a plat dedicating roads to the public are
separate and distinct functions of the commissioners court. <u>Com-</u>
<u>missioners' Court v. Frank Jester Development Co.</u>, supra; Attorney
General Opinion JM-200 (1984). The filing of a map or plat which
shows a street or road therein, without more, does not constitute a
dedication. <u>See</u> <u>Charlston v. Alvin State Bank</u>, 638 S.W.2d 643 (Tex.
App. - Waco 1982, writ ref'd n.r.e.). In order to effectuate an
express dedication there must be an intent to dedicate, a communica-
tion of the intent to dedicate, and an acceptance of the land being
dedicated. <u>See</u> <u>Ford v. Moren</u>, 592 S.W.2d 385 (Tex. Civ. App. -
Texarkana 1980, writ ref'd n.r.e.); <u>see also</u> Attorney General Opinion
JM-200. The landowner or owners of the tract of land must evidence an
intent to appropriate the land shown in the plat for some proper
public purpose. <u>See</u> <u>Adams v. Rowles</u>, 228 S.W.2d 849 (Tex. 1950). The
filing of a map or plat is only an offer to dedicate the streets shown
thereon to the public. <u>See</u> 30 Tex. Jur. 3d <u>Dedication</u> §20 (1983). A
commissioners court is authorized to accept property dedicated to the
public. <u>Cf.</u> <u>Chesser v. Grooms</u>, 302 S.W.2d 488 (Tex. Civ. App. -

Beaumont 1957, no writ); Commissioners' Court v. Frank Jester Development Co., supra. Without the three landowners' signatures, there is no effective offer or intent to dedicate the land shown on the plat even though these owners own separate tracts of land. We therefore conclude that the commissioners court may not accept these roads for public maintenance because there has been no dedication of the roads to the public.

You also ask:

> 2. Can a commissioner pave a road if the plat has not been approved if the landowners who have not dedicated the road sign a waiver?

Since the plat has not been approved by the commissioners court, there can be no statutory dedication of these roads to the public under Texas law. See V.T.C.S. art. 6702-1, §2.401; see also Attorney General Opinion JM-200. The only methods by which these roads may be dedicated to the public are through express or implied dedication. A prior opinion of this office explains:

> Common-law dedications are of two classes — express and implied. . . . In both, it is necessary that there be an appropriation of the land by the owner to public use, in the one case, by some express manifestation of his purpose to devote the land to public use; in the other, by some act or course of conduct from which the law would imply such an intent. (Citation omitted).

Attorney General Opinion JM-200 (1984). Unless the waivers executed by the landowners evidence an intent to dedicate, and the commissioners court accepts the express or implied dedication of land by these landowners, the commissioners court may not pave these roads with public funds. Id. A waiver is the voluntary or intentional abandonment or relinquishment of a known right. See Trice v. Georgia Homes Insurance Co., 81 S.W.2d 1055 (Tex. Civ. App. - Amarillo 1935, no writ). Therefore, a commissioners court is authorized to pave a road if the landowners who have not signed the plat execute a waiver to dedicate the roads to the public provided that there has been an acceptance by the commissioners court. A commissioners court expressly accepts a dedication when it votes and notes the acceptance in the minutes. Attorney General Opinion JM-200.

## S U M M A R Y

> Article 6702-1, sections 2.401(b) and (c), V.T.C.S., prohibit a commissioners court from approving a plat dedicating roads to the public without the signatures of all the landowners of

the tract to be subdivided. Nor may a commissioners court accept roads for public maintenance when there has not been an intent to dedicate by all the landowners evidenced by their signature on the plat. However, the commissioners court is authorized to accept the plat and pave the roads dedicated to the public if the landowners, whose signature does not appear on the plat, have executed a waiver evidencing their intent to dedicate the roads to the public.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton